I respectfully dissent from the majority opinion because I do not believe that the appellant's guilty plea was knowingly and voluntarily entered. The appellant contends that after he was incarcerated, prison officials informed him that, pursuant to § 15-22-27.2, Code of Alabama 1975, he was ineligible for parole and that he therefore would be treated as serving a term of life without parole. The defendant sought relief on the grounds that his plea had been involuntary and that his trial counsel had been ineffective because, he says, neither counsel nor the trial court informed him of this statutory provision. He stated that his sole reason for pleading guilty had been to avoid the risk of a sentence of life imprisonment without parole. The trial court, after a hearing, granted the petition on the ground that the Habitual Felony Offender Act, under which the defendant was sentenced to life imprisonment, conflicts with and supersedes § 15-22-27.2, because the application of the latter statute effectively mandates a sentence of life imprisonment without parole.
It is undisputed that the petitioner has at least four previous felony convictions. However, as the assistant district attorney noted at the hearing on the petition, the State apparently "didn't have all priors" at the time of sentencing. The trial court agreed, stating that "we took what we had so the guy could get life instead of life without." The trial court stated that its intention had been to sentence the petitioner to life imprisonment.
I do not believe the record indicates that the petitioner was properly informed as to the consequences of his guilty plea.
 "Because a defendant should be advised of the worse to expect from pleading guilty, he should be advised of [a] special parole term [which can result in his being incarcerated longer than the maximum imprisonment otherwise provided] in cases where it applies. By contrast, with respect to the more usual types of parole and probation there is no need specifically to advise the defendant that if he achieves such conditional release status, then any violation of a condition of the release could result in revocation. But because the availability of parole is assumed by the average defendant, the better view is that the defendant should be so advised if the offense *Page 476 
to which he is pleading may not lead to parole."
W. LaFave and J. Israel, Criminal Procedure § 20.4(d) (1984).
There is no evidence that the petitioner in the present case was advised that a guilty plea would render him ineligible for parole, and he therefore is entitled to relief. The proper remedy is an opportunity to withdraw his plea. Therefore, I believe this cause should be remanded to the trial court, so that the petitioner can determine whether he wishes to withdraw his guilty plea.